IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:10-CV-00451-BO

| | |
|---|---|
| DWAYNE ALLEN DAIL,<br>    Plaintiff,<br><br>    v.<br><br>CITY OF GOLDSBORO, CITY OF<br>GOLDSBORO POLICE CHIEF TIMOTHY<br>J. BELL, *in his official and<br>individual capacities*; JASPER M.<br>"JACKIE" WARRICK, JR. *in his<br>official and individual capacities*;<br>CHESTER HILL, *in his official and<br>individual capacities*, THE ESTATE OF<br>CHESTER HILL, DELORES A. HILL,<br>The Administratix of the Estate of<br>Chester Hill, JOHN WIGGINS, *in his<br>individual and official capacities*;<br>RONALD MELVIN, *in his individual<br>and official capacities*; THE ESTATE<br>OF RONALD MELVIN, SYLVIA MELVIN,<br>Administratix of the Estate of Ronald<br>Melvin, and JOHN AND JANE DOES 1-10,<br>*in their official and individual<br>capacities*,<br>    Defendants. | O R D E R |

Before the Court is a Motion to Strike [DE-23] filed by non-party William Neal. As set forth below, the Motion is DENIED.

### I. BACKGROUND

Plaintiff was wrongfully convicted of raping a 12 year old girl in Goldsboro, North Carolina in 1987. He was incarcerated for nearly two-decades for that crime. After his claims of innocence were vindicated through DNA evidence, Plaintiff sued various state actors in Wayne County Superior Court under 42 U.S.C. § 1983, state common law, and state constitutional law.

Defendants timely removed the action to this Court on October 21, 2010. William Neal filed a Motion to Strike [DE-23] on January 18, 2011. Plaintiff has responded in opposition to Mr. Neal's Motion [DE-24]. In this posture, the Motion is ripe for adjudication.

## II. DISCUSSION

### A. William Neal's Motion To Strike

On January 18, 2011, Pasquotank Correctional Center inmate William Neal sent a letter to the Clerk in which he referenced a prior letter sent to Plaintiff's counsel [DE 23]. Neal's letter to Plaintiff's counsel and his submission to the Clerk's Office took issue with certain allegations set forth in the Amended Complaint.

Specifically, the Amended Complaint alleges that William Neal raped 12 year old Tomeisha Carrington in the early morning of September 4, 1987. It was, allegedly, for Neal's heinous act that Plaintiff was wrongfully convicted and incarcerated. (*See* Amended Complaint, ¶¶ 34, 35.) Neal now objects to Plaintiff's allegations. His letters were collectively filed as a Motion To Strike [DE-23]. Construed as such, Neal's Motion is without merit and is denied.

Although Neal is referenced in several factual allegations in the Amended Complaint, he is not a party to this action. Additionally, Neal has not sought to intervene in this action and has no grounds for doing so. As a mere non-party, Neal has no standing to file pleadings or motions in this lawsuit. FED. R. CIV.

P. 12(f).

And even assuming, *arguendo*, that Neal had standing to file motions in this case, there would still be no basis for granting the instant Motion To Strike. Plaintiff's Complaint certifies that it was drafted and filed subject to Rule 11 of the North Carolina Rules of Civil Procedure. North Carolina Rule of Civil Procedure 11, like its federal counterpart, imposes an obligation on counsel to ensure that a pleading is well-grounded in fact and filed for a proper purpose. N.C. R. Civ. P. 11. The standard under both North Carolina and Federal Rule 11 has been satisfied, and there is no basis to remove the allegations that implicate Neal as Tomeisha Carrington's rapist.

Neal's Motion is DENIED and the Court hereby NOTIFIES Mr. Neal that he presently lacks standing to file any materials in this case.

### III. CONCLUSION

Non-party William Neal's Motion to Strike [DE 23] is DENIED.
IT IS SO ORDERED, this __8__ day of June, 2011.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE